# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: HOME DEPOT U.S.A., INC.,**
**WAGE AND HOUR LITIGATION**                                    MDL No. 2282

## ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs move to centralize this litigation in the District of New Jersey.  This litigation currently consists of seven actions pending in six districts, as listed on Schedule A.  Defendant Home Depot U.S.A., Inc. (Home Depot) opposes centralization.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation.  All actions stem from the decertification of a conditionally certified nationwide collective action, which has been pending in the District of New Jersey since 2004 (*Aquilino*).  While these actions share questions of fact relating to allegations that Home Depot misclassifies Merchandising Assistant Store Managers (MASMs), we have previously held that a motion for centralization of wage and hour cases is less convincing where, as here, "the duties of the subject employees appeared to be subject to significant local variances." *In re CVS Caremark Corp. Wage & Hour Emp't Practices Litig.*, 684 F. Supp. 2d 1377, 1379 (J.P.M.L. 2010); *see also In re Rite Aid Corp. Wage & Hour Emp't Practices Litig.*, 655 F. Supp. 2d 1376 (J.P.M.L. 2009).  The District of New Jersey decertified the conditional certification of the *Aquilino* collective class, holding that "there are substantial differences in the factual and employment settings of the Opt-Ins. The deposition evidence clearly establishes that MASM job responsibilities and duties varied from MASM to MASM, from store to store, from shift to shift, and in some cases from subordinate employee to subordinate employee." *Aquilino v. Home Depot, U.S.A., Inc.*, 2011 U.S. Dist. LEXIS 15759, at *25 (D.N.J. Feb. 15, 2011).

While the decertification order does not dictate our decision, the court's language is compelling.  Accordingly, we are not persuaded that centralization is necessary to prevent overlapping discovery.  In fact, given the advanced stage of the *Aquilino* action and the complete overlap of counsel in all actions, it does not appear that much further discovery is necessary at all,

---

[*]        Judge John G. Heyburn II and Judge W. Royal Furgeson, Jr. took no part in the decision of this matter.

-2-

aside from plaintiff-specific discovery, and the discovery produced in *Aquilino* can be utilized by the parties to all actions.  Further alternatives to transfer exist that may minimize whatever possibilities there are of duplicative discovery or inconsistent pretrial rulings.  *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *In re Rite Aid*, 655 F. Supp. 2d at 1377; *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chair

Frank C. Damrell, Jr.          Barbara S. Jones
Paul J. Barbadoro             Marjorie O. Rendell

**IN RE: HOME DEPOT U.S.A., INC.,**
**WAGE AND HOUR LITIGATION**                    MDL No. 2282

## SCHEDULE A

### Eastern District of Arkansas

Donald Love, et al. v. Home Depot U.S.A., Inc., C.A. No. 4:11-00485

### Northern District of California

Harold Smalley, et al. v. Home Depot U.S.A., Inc., C.A. No. 3:11-02951

### Southern District of California

John Ambrosino, et al. v. Home Depot U.S.A., Inc., C.A. No. 3:11-01319

### District of Connecticut

James D. Costello, et al. v. Home Depot U.S.A., Inc., C.A. No. 3:11-00953

### Northern District of Illinois

Todd W. Addison, et al. v. Home Depot U.S.A., Inc., C.A. No. 1:11-04086

### District of New Jersey

Nick Aquilino, et al. v. Home Depot U.S.A., Inc., et al., C.A. No. 3:04-04100
Jerome A. Johnson, et al. v. Home Depot U.S.A., Inc., C.A. No. 3:11-03561